D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN B. McINTYRE,

                            Plaintiff,          11-CV-3934(SJF)(AKT)
                                                        **OPINION & ORDER**

       -against-

NUHEALTH - NASSAU UNIVERSITY MEDICAL CENTER,
NASSAU UNIVERSITY MEDICAL CENTER SECURITY
STAFF, DANIEL ADDANKI, M.D., ALFRED CASTILLO,

                            Defendants.
------------------------------------------------------------------X
FEUERSTEIN, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 19 2011 ★
LONG ISLAND OFFICE

I.    Introduction

On August 12, 2011, incarcerated *pro se* plaintiff Kevin McIntyre ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against NuHealth - Nassau University Medical Center ("NUMC")[1], Nassau University Medical Center Security Staff, Daniel Addanki, M.D. and Alfred Castillo. Accompanying the complaint is an application to proceed *in forma pauperis*. Upon review of the declaration accompanying plaintiff's application, plaintiff's financial status qualifies him to commence this action without the prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons discussed herein, the complaint is *sua sponte* dismissed unless **plaintiff files an amended complaint as set forth below within thirty (30) days from the date this Order is served with notice of entry upon him.**

---

    [1]Although plaintiff names NUMC as a defendant, the Court construes this entity to be the Nassau Health Care Corporation ("NHCC"), of which NUMC is a part.

II.  The Complaint

Plaintiff is no stranger to this Court. The instant complaint is the fourth *in forma pauperis* complaint filed by the plaintiff since June 9, 2011.[2] According to the present complaint, plaintiff, while incarcerated at Nassau County Correctional Center, was admitted to NUMC for "various issues." (Compl. at ¶¶ II, IV). Plaintiff alleges that he was given "diloudid," a narcotic which he claims caused him to suffer "a loss of judgement" and so distorted his mental capacity that he simply "left the hospital's grounds." (Id. at IV). According to the complaint, the following day, plaintiff was arrested, and during the arrest, he suffered a fractured hand, a broken finger, facial abrasions, and head trauma for which he received medical treatment. (Id. at ¶¶ IV, IV.A). Plaintiff alleges that "NuHealth's nursing staff along with Nassau University Medical Center's security staff failed to secure [him] on the premises," and that the "hospital and their staff" committed "gross negligence." (Id. at IV). As a result, plaintiff seeks $3 million ($3,000,000) as punitive damages, as well as "for mental anguish, pain, suffering, in addition to emotional distress, and restitution." (Id. at ¶ V).

III.  Discussion

A.  *In Forma Pauperis* Application

Plaintiff's financial status, as set forth in the declaration in support of his application to

---

[2]*See* 11-CV-2791 (SJF)(AKT) *McIntyre v. Nassau Health Care Corp., et al.*; 11-CV-2792 (SJF)(AKT) *McIntyre v. Nassau University Medical Center, et al.*; and 11-CV-3181 (SJF)(AKT) *McIntyre v. Armor Correctional Health Inc., et al.* By Order dated August 24, 2011, the undersigned consolidated these actions under the lead case, 11-CV-2791.

2

proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

B. The Prison Litigation Reform Act

Under 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A district court shall dismiss a prisoner complaint *sua sponte* if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n. 1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). Likewise, the *in forma pauperis* statue requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe it "to raise the strongest arguments" suggested. Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). At the

pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949–50, 173 L. Ed.2d 868 (2009)); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed.2d 361 (2005).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

C.  Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983 (2000). To state a Section 1983 claim, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) cert. denied sub

4

nom Cornejo v. Monn, 131 S. Ct. 158 (2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive rights; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

1.  Plaintiff's Section 1983 Claims

As a threshold matter, plaintiff has not asserted that any of his constitutional rights have been violated. Instead, plaintiff has alleged that because of the negligent acts of several, unidentified individuals, he was able to escape from custody and, as a result, incurred injuries from unidentified, non-party officers during his subsequent apprehension and arrest. (Compl. at ¶ IV). The Second Circuit has stated that "negligence and medical malpractice claims are not actionable under § 1983."[3] Nogbu v. Mayrose, 400 Fed.App'x 617, 620 (2d Cir. 2010)(citing Estelle, 429 U.S. at 105-106); see Jordan v. Masterson, No. 3:10cv1293(HBF), 2011 WL 3352459, at *3 (D. Conn. Aug 3, 2011)("Claims of negligence are not cognizable under section 1983 or Bivens.")(citing Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996)). Accordingly, plaintiff's Section 1983 claims are not plausible and are dismissed. Insofar as plaintiff intended to allege state law negligence claims, such claims are dismissed without prejudice and plaintiff may pursue any such claims in state court.

---

[3]The Court notes that although plaintiff alleges that the defendants acted with "gross negligence" (Compl. at ¶ IV), it is well established that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

2.Claims against Daniel Addanki, M.D., Alfred Castillo and NHCC "Security Staff"

Even if plaintiff had properly alleged a constitutional violation, his Section 1983 claims against these defendants fail for the additional reason that he has wholly failed to allege their personal involvement in the complained-of conduct. In order for a plaintiff to state a claim for relief under Section 1983, he must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

"Personal involvement" may be established by evidence of direct participation by the defendant in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Rolon v. Ward, 345 Fed. Appx. 608, 611 (2d Cir. Sept. 4, 2009). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989). Indeed, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. A complaint based on a violation under Section 1983 that does not allege facts establishing the personal involvement of a defendant fails a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011); Connelly, 889 F.2d at 437.

6

Plaintiff has not alleged the direct participation of defendants Addanki or Castillo in any of the wrongdoing alleged in his complaints, nor any basis upon which to find either of these defendants liable in a supervisory capacity. Indeed, apart from the caption, these defendants are not mentioned again in the body of the complaint. Furthermore, plaintiff does not identify any individual of the NHCC security staff personally involved in the alleged incident. Accordingly, plaintiff's Section 1983 claims against defendants Addanki, Castillo and the NHCC "Security Staff" are dismissed in their entirety with prejudice **unless plaintiff files an amended complaint alleging a constitutional deprivation and the personal involvement of those individuals in the alleged constitutional deprivation, and identifying the individuals of the NHCC "Security Staff" personally involved in the alleged constitutional deprivation, within thirty (30) days from the date this Order is served with notice of entry upon him.** If plaintiff cannot identify the individuals of the NHCC security staff personally involved in the alleged constitutional deprivations within the time allowed in this Order, he may designate those defendants as "John/Jane Doe, employed at (location) on (date)" in the caption and in the body of the amended complaint and provide descriptive information of those individuals in the body of the complaint to allow for their subsequent identification.

3.  Claims Against NHCC

In order to allege a plausible Section 1983 claim against a municipality, including a public benefit corporation such as NHCC,[4] a plaintiff must allege an "injury to a constitutionally

---

[4] Public benefit corporations, such as the NHCC, are municipal entities for the purpose of Section 1983. See, e.g. McGrath v. Nassau Health Care Corp., 217 F. Supp.2d 319, 330 (E.D.N.Y. 2002) ("Public benefit corporations are governmental entities for Section 1983's

7

protected right * * * that * * * was caused by a policy or custom of the [municipality or municipal entity] responsible for establishing final policy." Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotations and citation omitted); see also Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690-1, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); Sewell v. New York City Transit Authority, Nos. CV-90-3734, CV-91-1274, 1992 WL 202418, at * 2 (E.D.N.Y. Feb. 10, 1992) ("The 'policy or custom' requirement of Monell applies to public corporations as well as to municipalities. * * * Hence, in order to maintain a cause of action under Section 1983 against [a public benefit corporation], the plaintiff must plead that an impermissible 'policy or custom' of that public benefit corporation denied him his federal rights."); see also Dangler v. New York City Off Track Betting Corporation, 193 F.3d 130, 142-43 (2d Cir. 1999) (applying Monell to claims against the OTB, a public benefit corporation). "Accordingly, to maintain actions brought under Section 1983 against public benefit corporations, plaintiffs must show that those corporations maintained a custom or policy that deprived them of a constitutional right." McGrath, 217 F. Supp.2d at 330.

"A municipality [or public benefit corporation] may be liable under Section 1983 only if the governmental body [or public benefit corporation] itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Cash v. County of Erie, — F.3d —, 2011 WL 3625093, at * 6 (2d Cir. Aug. 18, 2011) (internal quotations and citations omitted).

---

purposes."); Estes-El v. New York State Department of Motor Vehicles Office of Administrative Adjudication Traffic Violation Bureau, No. 95 Civ. 3454, 1997 WL 342481, at * 4 (S.D.N.Y. June 23, 1997) (holding that the liability of a public benefit corporation under Section 1983 "is governed by the principles set forth in Monell * * * and its progeny.")

A municipality, municipal entity or public benefit corporation cannot be held liable under Section 1983 on a *respondeat superior* theory. See Monell, 436 U.S. at 691, 98 S. Ct. 2018; see also Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (5-4 decision) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S.Ct. 447, 452, 178 L.Ed.2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)).

To prevail on a Section 1983 claim against a municipal entity or public benefit corporation, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality [or public benefit corporation] caused the constitutional injury." Roe, 542 F.3d at 36; see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)); Humphries, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom . . . inflicts the injury.*" (emphasis in original) (quotations and citation omitted)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S. Ct. at 1359. In addition, "[i]n limited circumstances, a [municipal entity's or public benefit corporation's] decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of Section 1983." Id. "To satisfy [Section 1983], a municipality's failure to train its

9

employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (internal quotations, alterations and citation omitted).

Here, Plaintiff has not alleged: (1) the existence of a formal policy which is officially endorsed by the NHCC; (2) actions taken or decisions made by NHCC officials with final decision-making authority which caused the alleged violations of his civil rights; (3) a NHCC practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of policymaking officials of those entities; or (4) a failure by NHCC policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with its employees. Accordingly, plaintiff's claims against the NHCC, as well as any claims he asserts against the employees of those entities in their official capacity, are dismissed with prejudice **unless plaintiff files an amended complaint alleging a constitutional violation and stating plausible Monell claims against the NHCC within thirty (30) days from the date this Order is served with notice of entry upon him.**

IV. Conclusion

For the foregoing reasons, it is hereby:

ORDERED that plaintiff's application to proceed *in forma pauperis* is granted; and it is further,

ORDERED that plaintiff's Section 1983 claims are *sua sponte* dismissed with prejudice **unless plaintiff files an amended complaint in accordance with this order within thirty (30)**

10

**days from the date this Order is served with notice of entry upon him.** The amended complaint must be titled "Amended Complaint" and bear the docket number No. 11-CV-3934(SJF)(AKT). Insofar as plaintiff alleges state law negligence claims, such claims are dismissed without prejudice and with leave to pursue such claims in state court; and it is further,

ORDERED that the Clerk of Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff's address of record pursuant to Rule 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: September 19, 2011
      Central Islip, New York